```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                  :
JOYCE M. McNEIL
                                  :
     v.                           :   Civil Action No. DKC 13-2162
                                  :
BANK OF AMERICA, N.A.
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action to quiet title is the motion to dismiss filed by Defendant Bank of America, N.A. ("Bank of America") (ECF No. 5). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted.

**I.   Background**

On July 26, 2013, Plaintiff Joyce M. McNeil, proceeding *pro se*, filed the instant complaint to quiet title on certain real property located at 106 Colton Street, Upper Marlboro, Maryland 20774 ("the property"). (ECF No. 1). In the complaint, Plaintiff asserts that her title to this property derives from a Deed of Trust, dated June 29, 2009, and recorded in the land records of Prince George's County, Maryland on August 7, 2009. (*Id.* at 1; *see also* ECF No. 1-1). She alleges that the June 29, 2009 Deed of Trust relating to the property is invalid and

unenforceable for the following reasons: (1) "Bank of America is no longer the holder of the note associated with this Deed of Trust"; (2) "[s]ubject [m]ortgage was separated from the note at least once and remains separated, making the mortgage unenforceable, null, deficient, and illegal"; (3) a Certificate of Release recorded on July 16, 2009 in the land records of Prince George's County, Maryland by [the Mortgage Electronic Registration Systems, Inc. ("MERS")] is fraudulent because MERS was in a forfeited status in Maryland at the time of the recording; (4) MERS could not legally assign the Note to the current holder of the note because at the time the debt was satisfied, Provident Funding Group was the lender or holder of the Note, and not MERS; (5) Reconstruct Company N.A. was appointed trustee in the 2009 Deed of Trust; (6) unspecified "[f]raud vitiates the most solemn contracts"; and (7) Defendant does not have "legal standing to enforce the Note because the Deed of Trust and Note have been separated as a result of the securitization of the loan, making the subject Deed of Trust invalid and unenforceable." (ECF No. 1, at 2-3).

Defendant moved to dismiss the complaint on September 30, 2013. (ECF No. 5). Plaintiff opposed the motion on October 15, 2013 (ECF No. 7), and Defendant replied on October 31, 2013 (ECF No. 8).

**II.   Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles County Commis.*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S.

3

at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

### III. Analysis

Plaintiff seeks to quiet title and requests that the court declare null and void the Deed of Trust dated June 2009.  Defendant argues that Plaintiff's complaint contains only conclusory statements, devoid of any factual support.  Under Md. Code Ann., Real Prop. § 14-108(a), a person in "actual peaceable possession of property" may sue to quiet title when "his title to the property is denied or disrupted, or when any other person claims . . . to own the property . . . or to hold any lien encumbrance on it."  In Maryland:

> [a] quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually

4

defective, invalid or ineffective prior to
           and at the time suit is brought either
           because the lien was invalidly created, or
           has become invalid or has been satisfied.

*Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F.Supp. 991, 995 (D.Md. 1982). To state a successful quiet title action, the plaintiff must show his claim to title and allege an invalid or defective adverse interest. *Hood v. Aurora Loan Servs.*, Civil Action No. CCB-10-11, 2010 WL 2696755, at *5 (D.Md. July 6, 2010).

As Defendant argues, Plaintiff does not allege any specific facts showing that the mortgage on her property was invalidly created or that it has become invalid. Plaintiff does not dispute that she received the loan proceeds under the 2009 Deed of Trust, nor does Plaintiff allege that the refinanced loan has been paid or satisfied. Plaintiff makes several arguments challenging the validity of the 2009 Deed of Trust, none of which have merit. She first argues that, based on her research, Bank of America is no longer the holder of the promissory note secured by the Deed of Trust. (ECF No. 1, at 2). The 2009 Deed of Trust identifies Defendant Bank of America, N.A. as the lender and Reconstruct Company, N.A. as the trustee. The loan is in the amount of $289,800. (ECF No. 1-1, at 1). Plaintiff asserts in the opposition that the June 29, 2009 Deed of Trust secures a refinanced loan on the property. (*See* ECF No. 7, at

2). This Deed of Trust secures a promissory note, dated June 29, 2009. Plaintiff's vague assertion that Bank of America does not hold the Note is insufficient. As Defendant points out, "Plaintiff does not identify the purported new holder of the note, nor provide any specific facts as to when and how the note was allegedly transferred." (ECF No. 5-1, at 6).

Second, Plaintiff argues that subject mortgage was separated from the note at least once and remains separated, invalidating the mortgage on the property. Although the 2009 Deed of Trust appears to be the subject of Plaintiff's complaint as it relates to the refinanced loan on her property, many of her allegations concern purported defects in the Deed of Trust she executed on November 9, 2007 securing the *original* loan. (ECF No. 1-3). The November 9, 2007 Deed of Trust identifies Provident Funding Group, Inc. as the lender and MERS as acting "solely as a nominee for Lender *and Lender's successors and assigns*. MERS is the beneficiary under this Security Instrument." (ECF No. 1-3, at 1) (emphasis added).[1] Plaintiff argues that "[t]he Note and Mortgage were separated at settlement when the lender, Provident Funding Group, Inc[.] 'nominated' MERS as 'Mortgagee' while the beneficiary under the Note remained with Provident Funding Group, Inc." (ECF No. 7,

---

[1] The November 9, 2007 Deed of Trust secures a loan in the amount of $283,500. (ECF No. 1-3).

at 3). She states that the separation occurred in November 2007.

As Defendant points out, courts in this district have rejected this "separation theory." *See, e.g., Reed v. PNC Mortg.*, 2013 WL 3364372, at *3 (D.Md. July 2, 2013) (rejecting claim the deed of trust is invalid and unenforceable because it has been separated from the underlying note); *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 WL 1390004, at *3 (D.Md. Apr. 3, 2012) (same). Judge Nickerson explained in *Parker*, 2013 WL 1390004, at *3, that "the rights under the Deed of Trust follow the Note, [thus] there [is] no splitting." The same logic applies here. Plaintiff also does not explain why the alleged separation of the 2007 Deed of Trust and promissory note would invalidate the 2009 Deed of Trust. Plaintiff asserts that "Provident Funding Group, Inc. sold the Note without transfer of the Security instrument. This breach of contract voids the Mortgage and Note." (ECF No. 7, at 3). This argument also lacks merit. Plaintiff assumes that there must be a separate assignment of the Deed of Trust when there is a transfer of the promissory note. "The transfer of the note, however, carries the Deed of Trust with it." *Parker*, 2013 WL 1390004, at *2; *see also Svrcek v. Rosenberg*, 203 Md.App. 705 (2012) (noting that "[t]he deed of trust need not and properly speaking cannot be assigned like a mortgage, but the note can be

7

transferred freely, and, when transferred, carries with it the security, if any, of the deed of trust.").

Next, Plaintiff challenges the validity of a Certificate of Satisfaction, recorded on July 16, 2009 in the land records of Prince George's County and signed by DeWayne Vardaman, the Assistant Secretary of MERS. She states that the Certificate is fraudulent because MERS was in forfeited status as of October 5, 2001. (ECF No. 1, at 2). The registration status of MERS in Maryland is irrelevant to a quiet title action. *See, e.g., Mabry*, 2013 WL 5487858, at *2 ("[r]egardless of whether [d]efendant is or is not validly registered as a corporate entity in the State of Maryland, [d]efendant's contracts – which are central to [p]laintiff's allegations – are unaffected."); *Lawson v. MERS, Inc.*, 8:13-CV-02149-AW, 2013 WL 4482953 (D. Md. Aug. 20, 2013) ("The isolated and vague allegation that MERS is a forfeited entity is insufficient to state a cause of action. Furthermore, assuming MERS were forfeited, it is unclear that this status would affect the validity of the contract between Countrywide and Plaintiff.").

Plaintiff argues in the opposition that "[u]pon information and belief, the execution of the certificate of satisfaction by DeWayne Vardaman, assistant secretary for MERS[,] is fraudulent." (ECF No. 7, at 5). Plaintiff's fraud allegation fails to meet the heightened pleading standard of Rule 9(b), as

she includes no factual basis to support this claim.  Moreover, as Defendant points out, the Certificate of Satisfaction relates to the 2007 Deed of Trust.  Thus, "the certificate of satisfaction -- even if it is 'fraudulent' as Plaintiff claims – cannot have any effect on the validity of the Deed of Trust[] which Plaintiff signed two years later on June 29, 2009." (ECF No. 5-1, at 6-7).  Indeed, Plaintiff asserts in the complaint that her title to the property derives from the deed dated June 29, 2009.  (ECF No. 1 ¶ 2).

Plaintiff's fourth argument is that when the initial debt was satisfied, MERS was not the "lender" or holder of the Note, thus it could not have legally assigned the Note to Defendant Bank of America, the current holder.  Plaintiff's contention that MERS never held a beneficiary interest in the 2007 promissory note and thus could not assign it is unavailing.  She states:

> MERS never had beneficial interest in the note nor did they receive the income from the payments.  The actual owner of the note has never executed an assignment.  An assignment of a mortgage in the absence of the assignment and physical delivery of the Note will result in a nullity.  MERS never acquires actual physical possession of the Note, nor do they acquire beneficial interest in the note.

(ECF No. 7, at 3).  Plaintiff concludes that "Bank of America could not legally secure the debt owed from MERS in order to

conduct the refinance because MERS was never owed money." (*Id.* at 5). Plaintiff's argument is premised on a misunderstanding of the relevant documents and the role of MERS. First, the 2007 Deed of Trust identified MERS as "the beneficiary under this Security Instrument." (ECF No. 7-2, at 1); *see Parker*, 2013 WL 1390004, at *2 (rejecting contention that MERS did not have a beneficiary interest in a promissory note where the Deed of Trust expressly designated MERS as the beneficiary under the instrument). As explained in *Mabry v. MERS*, Civil Action No. WMN-13-1700, 2013 WL 5487858, at *3 (D.Md. Oct. 1, 2013), "[p]laintiff's [] claim, that MERS did not have the authority to assign the mortgage, flatly contradicts the language in the Deed of Trust. The Deed of Trust expressly states that MERS is the beneficiary in its capacity as 'nominee for Lender . . . and Lender's successors and assigns." Here, the 2007 Deed of Trust contains identical language to that at issue in *Mabry*. (*See* ECF No. 1-3, at 1, 2007 Deed of Trust ("MERS is a separate corporation that is acting solely as nominee for Lender *and Lenders' successors and assigns*.") (emphasis added)). As Judge Nickerson explained in *Suss v. JP Morgan Chase Bank, N.A.*, 2010 WL 2733097, at *1 (D.Md. July 9, 2010):

> MERS is an entity that tracks ownership
> interests in residential mortgages in an
> electronic database. MERS members . . . pay
> a subscription fee for the processing and
> transfer of mortgages. *Mortgages on which*

> *MERS is named as a beneficiary may be freely transferred among MERS members* and the transfers are recorded in MERS electronic database but are not publically recorded.

(emphasis added). The propriety of the MERS registry system has been affirmed by courts in this district. *See id.* at *5; *see also Parker*, 2013 WL 1390004, at *3. The 2007 Deed of Trust allowed MERS, as nominee, to act on behalf of the lender, Provident Funding Group, Inc. By signing the 2007 Deed of Trust, Plaintiff consented to MERS's authority to act on behalf of the lender. (*See* ECF No. 1-3, at 14). Thus, to the extent Plaintiff challenges MERS's assignment of the mortgage, this argument lacks merit.

Plaintiff also argues that the 2009 Deed of Trust is invalid because Reconstruct Company N.A. was named as the trustee. As Defendant points out, this argument is also deficient, as Plaintiff does not explain how or why this would invalidate the 2009 Deed of Trust. Plaintiff's general assertion of fraud is similarly unavailing. Plaintiff alleges in the opposition that "Provident Funding Group, Inc. defrauded the Plaintiff of funds earned through sale of the Note by failing to apply funds earned to the interest and principal as required by contract." (ECF No. 7, at 3). Plaintiff thus concludes that "[t]his breach of contract voids the Mortgage and the Note." Plaintiff in *Lawson*, 2013 WL 4482953, at *3, posited

11

the same isolated allegation, which Judge Williams rejected as "too vague to state cognizable causes of action for breach of contract and fraud." This allegation certainly does not meet the heightened pleading standard for fraud claims. *See* Fed.R.Civ.P. 9(b). Moreover, Plaintiff fails to explain how any breach of contract by Provident Funding Group voids her obligations under the 2009 Deed of Trust, which secures her refinanced loan.

Lastly, Plaintiff argues that Defendants lacks standing to enforce the Note because "the Deed of Trust and Note have been separated as a result of the securitization of the loan, making the subject Deed of Trust invalid and unenforceable." (ECF No. 1, at 3). Plaintiff presents no facts that her loan was securitized. In any event, as Judge Williams reasoned in *Reed*, 2013 WL 3364372, at *3, "[e]ven assuming that [her] loan was securitized, Plaintiff has presented no basis for the Court to declare the deed of trust invalid or unenforceable." *See also Lawson*, 2013 WL 4482953, at *3 (same).

In sum, Plaintiff's claims lack the particularity necessary to state a plausible cause of action to quiet title. She does not identify the nature of any defect in the 2009 Deed of Trust or her mortgage loan. Accordingly, her complaint will be dismissed.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted. A separate order will follow.

>                    /s/
> DEBORAH K. CHASANOW
> United States District Judge